IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WESLEY L. MAXWELL,**

      Plaintiff,

vs.                                                Civ. No. 02-547 WJ/ACT

**CITY OF ALBUQUERQUE,**
**et al.,**

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on a Martinez Report filed April 23, 2003. Defendants did not file a separate motion for summary judgment, but the Martinez Report does request that summary judgment be entered in their favor. On March 21, 2003, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this case pursuant to 28 U.S.C. §636(b)(1). The United States Magistrate Judge, having considered the Martinez Report, Plaintiff's response, the records, relevant law, and being otherwise fully informed, recommends that summary judgement be granted in favor of the Defendants.

## PROPOSED FINDINGS

*Procedural history.*

    1.    Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Complaint on May 14, 2002. At the time of his Complaint, Plaintiff was incarcerated at Bernalillo County Detention Center

("BCDC"). Plaintiff alleges he was subjected to unsanitary conditions, forced to eat non-nutritious meals, denied educational programs, denied access to family members and denied access to the courts. Plaintiff claims these alleged conditions are the result of overcrowding at BCDC. The Complaint seeks money damages under 42 U.S.C. §1983. On September 13, 2002, the district judge issued a Memorandum Opinion and Order dismissing all of Plaintiff's claims against Defendant Martin Chavez and Plaintiff's claims alleging denial of educational programs denial of access to family, and denial of access to the courts. On March 24, 2003, the court directed the Defendants to submit a Martinez Report on eight (8) specific issues. In the March 24, 2003 Order, the parties were notified that the Martinez Report may be used in deciding whether to grant summary judgment on Plaintiff's claims and that the parties should submit whatever materials they considered to be relevant to Plaintiff's claims. *See Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991).

*Summary judgment standard.*

This court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required by those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Bellmon*, 935 F.2d at 1110. "A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Sports Unlimited, Inc. v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002)(*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.* When

applying this standard, the Court examines the record and makes all reasonable inferences in light most favorable to the non-moving party.

*Plaintiff's allegations.*

Plaintiff alleges that due in part to overcrowding conditions, he was forced to sleep within inches of the toilet. He claims he was repeatedly exposed to unclean shower conditions. He claims that he was deprived of personal hygiene supplies and that the one bar of soap and one tube of toothpaste he was given would not last a month. He claims that he was not given full portions of meals and was served rotten vegetables. Finally, Plaintiff claims that the laundry department would not clean his clothes and he was not issued detergent.

*Discussion.*

Prison Litigation Reform Act.

This action is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). Pub. L. No. 104-134, 110 Stat. 1321 (1966). A provision in the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e); *Searles v.Van Bebber*, 251 F.3d 869 (10th Cir. 2001), *cert. denied* 536 U.S. 904. Nowhere in his complaint does Plaintiff allege to have suffered any physical injury. Plaintiff makes a reference in his response that he suffered physical injury. However, he did not offer any evidence to support this allegation.

The courts uniformly hold that, absent a showing of physical injury, §1997e(e) bars a prisoner's recovery of compensatory damages for mental and emotional injuries. *Perkins v. Kansas Department of Corrections*, 165 F.3d 803 (10th Cir. 1999); *Searles*, 251 F.3d at 876, n.3. But, if the

prisoner alleges a non-physical injury, the statute may not foreclose recovery of nominal and punitive damages.[1] Court have held that §1997e(e) does not bar a prisoner's right to vindicate certain types of constitutional claims. *Searles*, 251 F.3d at 876(nominal and punitive damages for First Amendment violation not barred.); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)(stating that §1997e(e) is not applicable to First Amendment claims); *Mason v. Schriro*, 45 F. Supp.2d 709, 720 (W.D.Mo. 1999)(finding that §1997e(e) does not apply to Fourteenth Amendment protection claims.) The issues in this matter is whether §1997e(e) forecloses an action for an Eighth Amendment violation involving no physical injury. *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (The more difficult question is whether damages will lie in the absence of physical injury...we believe that a violation of the Eighth Amendment does not turn on the type of relief sought." ); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997(holding that limitation applies to Eighth Amendment excessive force claims.) However, as discussed below, the Plaintiff has not stated a claim for a constitutional violation, thus, the Court does not need to decide this issue.

<u>First, Fourth, Fifth, Sixth, Fourteenth and Eighth Amendment Claims</u>.

Constitutional claims brought by a convicted inmate relating to conditions of confinement must be brought under the Eighth Amendment, the right to be free from cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Berry v. City of Muskogee*, 900 F.2d 1489, 1498 (10th Cir. 1990). Thus, the First, Fourth, Fifth, Sixth and Fourteenth Amendments do not apply in this matter.

To prevail under the Eighth Amendment Claim "an inmate must establish that (1) the

---

[1] The Court notes that the Plaintiff does not request injunctive or declaratory relief which arguably is not limited by the PLRA.

4

condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety." *Despain v. Upholl*, 264 F.3d 965, 971 (10th Cir. 2001).  Plaintiff's claims fail on both prongs.

It is well-settled that the conditions prisoners face by virtue of their incarceration can be restrictive and even harsh without running afoul of the Eighth Amendment. *Rhodes*, 452 U.S. at 347. The Constitution does not mandate comfortable prisons...and only those deprivations denying the minimal civilized measure of life's necessities...are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Life's necessities are identifiable human need[s].  *Id.*  at 304-05   Food, clothing, shelter, medical care, sanitation and reasonable measures by prison officials to ensure inmate safety comprise such life necessities.  *E. g., Despain*, 264 F.3d at 974. In order to satisfy the first requirement,"the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan* 511 U.S. 825, 834(1994)(quoting *Wilson v. Seiter*, 501 U.S. 294 (1991).   Allegations of  rotten carrots, a few complaints regarding the cleanliness of shower areas and a few complaints about dirty blankets or clothes are not "sufficiently serious" to rise to a constitutional violation.  *Strope v. Gibbens*, 2003 U.S. Dist. LEXIS 6736 (D. Kan. 2003)(unpublished)("Plaintiff's claims of short periods of deprivation of food, ice and access to the exercise yard, as well as movement from cell block to cell block, a middle-of-the-night uranalysis, verbal harassment, cell searches and refusing to respond to grievances do not rise to the level of an Eighth Amendment claim."); *Palmer v. Romer*, 1999 U.S. Dist. LEXIS 20138 (D. Colo.)(unpublished)(Plaintiff"gives no indication that he suffered any significantly serious harm or deprivation as a result of the leaking and/or back-up plumbing, the noisy cnditions, or the fact that he was required to eat and sleep on the floor.").

Moreover, these asserted conditions do not rise to "deliberate indifference to inmate health or safety." With regard to the second requirement, the Supreme Court has exaplated that deliberate indifference entails something more than mere negligence...[b]ut something less than acts or omissions for the very purpose of cauisng harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. There is simply no evidence approaching this requriement.

In response to Plaintiff's claim he was forced to sleep within inches of the toilet, Defendants submitted an affidavit from Michael Sisneros "(Sisneros"), Deputy Director of BCDC since April 8, 1988. In his affidavit Sisneros states that:

> All of the individual cells in which Plaintiff would have been placed contain a single toilet to be shared by the inmates in that cell. All of the cells contain "stack-a-bunk" beds, which can be stacked on top of each other to save space when not in use. Plaintiff would have slept on a "stack-a-bunk," unless for some reason unknown to me, he would have chosen to sleep on the floor.
> Based on the layout of all the cells in which Plaintiff would have been housed, while Plaintiff (and all other inmates) were and are required to sleep in a room which contains a toilet, Plaintiff would not have been required to sleep with his head near a toilet. Plaintiff could just have easily slept with his feet towards the toilet.

Plaintiff presents no evidence to the contrary. Rather, Plaintiff makes a conclusory statement that the cells had only one cement bunk slab. Response, p. 4. This is insufficient. *Barkus v. Kaiser*, 229 F.3d 1162 (10th Cir. 1985)(unpublished)(the district court could rely on the Martinez report in dismissing the complaint because Mr. Barkus made conclusory and unsworn allegations in his attempt to controvert the reports factual findings *citing Duarte-Vestar v. Hudson*, 216 F.3d 1086, 2000 WL 702872, at *2 (10th Cir. May 26, 2000)(unpublished opinion). Even if Plaintiff's statement is true, the fact that there may have been only one cement bunk slab, it would not rise to the level of "deliberate indifference to inmate health or safety."

<u>Remaining claims</u>.

As Plaintiff fails to state a constitutional violation, there is no municipal liability. *Myers v. Okla County Bd. of County Commissioners*, 151 F.3d 1313, 1316 (10th Cir. 1998)(Plaintiff must show not only a constitutional violation but also that some municipal policy or custom was the moving force beyond the violation).

The only remaining defendant named in Plaintiff's Complaint is John Dantis. Plaintiff has not shown that Dantis had any personal involvement in the alleged violations. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Thus Dantis must be dismissed. Pursuant to the Court's Order of September 13, 2002, Plaintiff was permitted a reasonable time to identify the unknown Defendants. Plaintiff has failed to name or demonstrate any attempt to identify these individuals. Thus, these claims should be dismissed.

Finally, any pendant state claims should be dismissed without prejudice pursuant to 28 U.S.C. §1367(c)(3).

## **RECOMMENDED DISPOSITION**

I recommend that summary judgment be granted in favor of the Defendants and that any pendant state claims should be dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to

have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**